CAVANAGH, J.
(concurring in part). I concur in the result reached by the lead opinion. The trial court’s decision to terminate respondent’s parental rights should be reversed because the Department of Human Services (DHS) and the trial court failed to make reasonable efforts to reunite respondent with his child and, in light of this failure, the trial court clearly erred by determining that the DHS had shown that the statutory grounds for termination were established. Contrary to the lead opinion, however, I do not think that it is necessary for this Court to determine whether the state’s actions in this case also violated respondent’s due process rights.
I concur with the lead opinion’s holding that the DHS failed to comply with its statutory duties. The state has a duty, under MCL 712A.19a(2), to make reasonable efforts to reunite a child and family.[1] Reasonable efforts require that the DHS and the trial court, at a minimum, make the active efforts towards reunification provided for in statutes and court rules, such as those outlined in parts 111(A)(1) and (B)(1) of the lead opinion.[2]1 agree *124 with the lead opinion’s conclusion that “compliance with the relevant laws and regulations was sorely lacking with regard to respondent” for the reasons explained in part V(A).[3] Ante at 107. Further, I agree that respondent’s culpability did not excuse or mitigate the state’s failure to comply with its statutory duties, as discussed in part V(C). I would also hold that, when the state is required to provide notice of proceedings to parents, a reasonable effort to do so should comply with due process requirements, such as those set out in Sidun v Wayne Co Treasurer, 481 Mich 503; 751 NW2d 453 (2008). In this case, the failure of the trial court and the DHS to fulfill their statutory duties and make reasonable efforts to reunite respondent and his child warrants reversal of the trial court’s termination of respondent’s parental rights.
I also concur that the trial court clearly erred by terminating respondent’s parental rights under MCL 712A.19b(3)(g) and (j), in part for the reasons explained in part V(D) of the lead opinion. The state failed to meet its burden to show that either basis for termination was present, especially taking into consideration the earlier failures of the DHS and the trial court to comply with their statutory duties.
*125 In light of the two clear statutory bases for reversing the trial court’s termination of respondent’s parental rights, I do not think that it is necessary for this Court to address whether respondent’s due process rights were violated. I agree that due process issues could be implicated because of the uncontested fundamental liberty interest of any parent “ ‘in the care, custody, and management’ ” of his child. Ante at 91, quoting Santosky v Kramer, 455 US 745, 753; 102 S Ct 1388; 71 L Ed 2d 599 (1982). I also agree that, in Michigan, the statutes, the court rules, DHS policy, and federal laws all set forth procedures that help ensure adequate due process protection for parents. Ante at 93. Nonetheless, I disagree that “the primary question presented [in this case] is whether the state’s actions satisfied respondent’s right to procedural due process.” Ante at 92. This case may be fully resolved on statutory grounds, and the alleged due process violations arise out of the same state actions that resulted in statutory violations. Because this Court’s holding is so clearly compelled by the statutes and court rules and is, at a minimum, consistent with due process principles, I do not find it necessary to address the extent to which it is required by due process principles.

 The statute provides some exceptions, but none applies here.

 I agree with the lead opinion’s summary of the applicable state law requirements, including the requirement that the court must “advise a respondent parent at the respondent’s first court appearance that he has a right to an attorney at each stage of the proceedings and a right to a court-appointed attorney if he is financially unable to employ an attorney on his own behalf.” Ante at 94.
In addition, as observed by the lead opinion, Michigan must comply with Title IV-E of the Social Security Act, 42 USC 670 et seq., because it receives federal funding through Title IV-E. I agree with the lead opinion’s statement that the procedure for termination cases is mandated by both federal and state law, including the “reasonable efforts” requirement. See 45 CFR 1356.21(a) and (b). As a result, courts should *124 generally read the state and federal requirements in conjunction, and a parent may “claim procedural error in an action brought by the state to terminate [his parental rights] if the state fails to comply with the required procedures” in federal law. Ante at 107. It is not necessary, however, to determine whether the federal requirements were met in this case because the state’s actions so clearly failed to meet the state requirements and “we have not discovered any conflicts between the state and federal requirements applicable to this case.” Ante at 104 n 47.

 For the reasons stated in the lead opinion, I concur with its conclusion that “statutory references to placement or reunification with ‘a parent,’ ‘parents,’ or ‘family’ must be read to include noncustodial parents when appropriate.” Ante at 121.